IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **DISTRIBUTION INTELLIGENCE SYSTEMS, LLC,** | § § § |
| Plaintiff, | § §  Case No: |
| vs. | § §  **PATENT CASE** |
| **CONMED CORPORATION,** | § § § |
| Defendant. | § § § |

# COMPLAINT

Plaintiff Distribution Intelligence Systems, LLC ("Plaintiff" or "DIS") files this Complaint against ConMed Corporation ("Defendant" or "ConMed") for infringement of United States Patent No. 8,617,160 ("the '160 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 11311 Concept Boulevard, Largo, Florida 33773.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,617,160)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '160 Patent with sole rights to enforce the '160 Patent and sue infringers.

11. A copy of the '160 Patent, titled "Dynamic Intramedullary Hardware," is attached hereto as Exhibit A.

12. The '160 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. The '160 patent covers the devices, systems and methods claimed, and protects the exclusive right to utilize those inventions, which were not routine or conventional at the time.

14. The claims of the '160 patent are directed to, for example, a "system and method for interconnecting a computer with the physical structure of an amusement device," and Claim 1, for example, recites elements including, inter alia, a "device for the implantation into osseous material to facilitate healing," comprising "an elongated tubular body wherein the elongated tubular body contains a) a mobile elongated rod; b) an anchoring element attached to the elongated tubular body; and c) a driver attached to the elongated rod wherein the driver can move substantially along the length of the elongated tubular body and engages the anchoring element thereby causing the anchoring element to protrude laterally through the elongated tubular body and engage the surrounding osseous material."

15. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States devices, systems and/or methods covered by the claims of the '160 patent, including but not limited to Claim 1. For example, as shown in the infringement analysis at Exhibit B, Defendant's TenoLok® Anchor product employs the invention covered by Claim 1 of the '160 patent.

16. By the acts of making, using, offering to sell, selling and/or importing the accused infringing devices, systems and/or methods, Defendant has directly infringed the '160 patent under 35 U.S.C. § 271(a).

17. On information and belief, Defendant has caused, encouraged and/or aided others, including distributors and customers, to directly infringe the '160 patent, Defendant having full knowledge of the '160 patent and having the specific intent to cause, encourage, or aid infringement by others. By the acts of actively inducing others to infringe the '160 patent, Defendant has infringed the '160 patent under 35 U.S.C. § 271(b).

18. On information and belief, having knowledge of the '160 patent and the infringement thereof by others, Defendant has contributed to the infringement by others, including customers, by providing the accused infringing devices which are not staple articles or commodities of commerce suitable for a substantial noninfringing use. By the acts of contributing to the infringement of the '160 patent by others, Defendant has infringed the '160 patent under 35 U.S.C. § 271(c).

19. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '160 patent.

20. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

21. The infringement of the '160 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein, including a determination that Defendant has infringed the '160 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 8,617,160 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284, including an accounting for actual damages adequate to compensate for the patent infringement, and enhanced damages.

(d) Award Plaintiff pre-judgment and post-judgment interest and costs;

(e) Award attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all the issues so triable in this action.

Dated: May 15, 2023                                  Respectfully submitted,

/s/Barbra Anne Stern
Barbra A. Stern, Esquire
Florida Bar No.: 526576
Law Offices of Barbra Stern PA
808 E. Las Olas Blvd. Suite 102
Fort Lauderdale, FL 33301
Phone: (954) 743-4710
Direct Dial (954) 239-7249
barbra@sternlawoffice.com

**ATTORNEY(S) FOR PLAINTIFF**